UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: RAH COLOR TECHNOLOGIES LLC PATENT LITIGATION<br><br>This Order Relates to:<br><br>*Electronics for Imaging, Inc. v. RAH Color Technologies LLC*, Case No. 18-cv-07465-SI | Case Nos. 18-md-02874-SI<br>18-cv-07465-SI<br><br>**ORDER GRANTING RAH'S MOTION TO DISMISS EFI'S THIRD AMENDED COMPLAINT, WITH LEAVE TO AMEND**<br><br>Re: Dkt. Nos. 79 (18-md-02874-SI)<br>76 (18-cv-07465-SI) |

Electronics for Imaging, Inc. ("EFI") has filed a third amended complaint which seeks declaratory judgment of non-infringement of four patents held by RAH Color Technologies LLC ("RAH"). Dkt. No. 73.[1] The background facts and legal standard applicable to this Order are outlined more fully in the Court's prior ruling issued June 3, 2019. *See* Dkt. No. 71. RAH now moves to dismiss Claims 3 and 4 of the third amended complaint, related to United States Patent Nos. 8,416,444 ("the '444 patent") and 8,760,704 ("the '704 patent"). Dkt. No. 76 ("Mot."). RAH argues that the Court should dismiss these claims, primarily arguing that its recent letter covenanting not to sue EFI on these patents deprives this Court of subject matter jurisdiction. The Court held a hearing on the motion on August 16, 2019, and EFI subsequently submitted documents to RAH and

---

[1] Unless otherwise noted, citations to the docket refer to the docket sheet in Case No. 18-cv-7465 rather than to the master docket sheet in the multidistrict litigation. Page numbers in this Order refer to those assigned by the Court's Electronic Case Filing (ECF) system at the top of the page.

to the Court for *in camera* review.

The Federal Circuit has recognized that "where a patent holder accuses customers of direct infringement based on the sale or use of a supplier's equipment, the supplier has standing to commence a declaratory judgment action if . . . the supplier is obligated to indemnify its customers from infringement liability . . . ." *Arris Grp., Inc. v. British Telecomms. PLC*, 639 F.3d 1368, 1375 (Fed. Cir. 2011). RAH concedes that if EFI has an obligation to indemnify one of its customers on the '444 and '704 patents, then jurisdiction exists. *See, e.g.*, Mot. at 7; Ex. C at 3.

Although EFI does not plead facts regarding indemnification in its third amended complaint, it has submitted a declaration stating that it has an obligation to indemnify one of its customers for any patent infringement challenges against products sold to the customer by EFI. Dkt. No. 97-2, Weiss Decl. ¶¶ 2-6. The papers EFI submitted *in camera* support the statements made in the Weiss declaration, and EFI confirmed at the hearing that its obligation includes indemnification on the '444 and '704 patents. RAH nevertheless urges that the Court dismiss Claims 3 and 4 with prejudice because EFI did not previously raise indemnification as a basis for jurisdiction. The Court will not dismiss Claims 3 and 4 on these grounds, where it is now clear that jurisdiction lies.

The Court concludes that it has jurisdiction over Claims 3 and 4 of EFI's third amended complaint. However, because EFI has not pled indemnification as the basis for jurisdiction, the Court GRANTS RAH's motion to dismiss the complaint, with leave to amend. **EFI shall file its fourth amended complaint, to add allegations regarding indemnification, by September 4, 2019**.[2] If the exhibits to EFI's fourth amended complaint are identical to those filed with the third amended complaint, EFI need not provide the Court with a courtesy copy of the new complaint.

**IT IS SO ORDERED**.

Dated: August 28, 2019

SUSAN ILLSTON
United States District Judge

---

[2] On the afternoon of the August 16, 2019 hearing, counsel for RAH filed a joint motion to stay proceedings in its case against Xerox Corporation on the basis of settlement talks. Case No. 18-md-2874, Dkt. No. 97. Neither RAH nor EFI flagged the pending settlement as potentially impacting the issues addressed in today's Order. If the basis for jurisdiction in this case changes in the future, the parties shall promptly inform the Court.